UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL ANTHONY WOOD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 05-2437 (JNE/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

In 1988, Petitioner was indicted in the United States District Court for the Eastern District of New York for violating federal drug laws. He was tried before a jury and found guilty, and on September 13, 1989, he was sentenced to 295 months in federal prison. He is

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

presently incarcerated at the Federal Correctional Institution in Waseca, Minnesota.

Petitioner's conviction and sentence were affirmed on his direct appeal to the Second Circuit Court of Appeals in 1990. He later filed a motion seeking relief under 28 U.S.C. § 2255, in which he argued, inter alia, that he should be re-sentenced by reason of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). (Petition, [Docket No. 1], p. 3B, ¶s E, F and G.) After the government purportedly "conceded the Bailey issue," Petitioner was re-sentenced to 292 months in prison. (Id., pp. 3B-3C, ¶ H.)

Petitioner appealed his new sentence, and while that appeal was pending, he raised a new argument based on the Supreme Court's then-recent decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Thereafter, Petitioner continued to pursue his Apprendi claim through a long, convoluted and ongoing odyssey in the trial court and the Second Circuit Court of Appeals. (Petition, pp. 3C, 3D and 4; ¶s L-X.) The details of Petitioner's self-described "procedural morass" are not important for present purposes. What is important is that it clearly appears from Petitioner's submissions that his Apprendi claims are still pending before the trial court.

Petitioner apparently has become frustrated with the manner in which his Apprendi claims are being handled by the trial court in the Eastern District of New York. Hoping for a speedier resolution of his claims in a different forum, Petitioner is now attempting to raise them in this District in his current § 2241 habeas corpus petition. That cannot be done, however, for the reasons discussed below.

## II.   DISCUSSION

A federal prisoner normally can maintain a collateral challenge to his conviction or

2

sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S.Ct. 2984 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the prison sentence that was imposed in his federal criminal case. He claims that his constitutional rights were

3

violated during the sentencing process, and that his sentence should therefore be vacated. Because Petitioner is challenging the sentence imposed by the trial court, his present habeas petition is clearly subject to, and barred by, the § 2255 exclusive remedy rule.

It is also readily apparent that Petitioner has deliberately elected to seek relief under the § 2241 habeas corpus statute, because he believes that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his sentence. He contends that his current petition is exempt from § 2255's exclusive remedy rule, and that he can challenge his conviction and sentence in a § 2241 habeas corpus proceeding, because of the trial court's alleged failure to adjudicate his § 2255 claims in a proper and expeditious fashion. That reasoning must be rejected.

A trial court's allegedly neglectful handling of a § 2255 motion does not cause the remedy provided by § 2255 to be "inadequate or ineffective" thereby permitting a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition. Winston v. Mustain, 562 F.2d 565, 567 (8th Cir. 1977) (per curiam) (noting that "although crowded dockets in many federal courts are a serious problem, time delays do not confer jurisdiction if jurisdiction does not otherwise exist"); United States v. Pirro, 104 F.3d 297, 300 (9th Cir. 1997) ("[i]n holding that delay in the resolution of a section 2255 motion does not entitle a defendant to bypass section 2255 in favor of section 2241, we join other circuits who have rejected arguments that the delay in the disposition of a section 2255 motion renders it an inadequate remedy").

Petitioner is asking, in effect, that the Minnesota District Court review the trial court's handling of his § 2255 motion. Needless to say, our District Court is not empowered to

perform that task. The Second Circuit Court of Appeals has the power to oversee the actions (or inaction) of the District Court for the Eastern District of New York, but this Court does not. If Petitioner believes that his § 2255 motion is being mishandled by the trial court, his remedy is to seek relief in the supervising court of appeals -- not another district court.

In sum, the Court finds that 28 U.S.C. § 2255 provides an adequate remedy for Petitioner's legal challenges to his prison sentence, which means that Petitioner's current claims for relief cannot be raised and decided in a habeas corpus proceeding brought under 28 U.S.C. § 2241. The Court will therefore recommend that this action be summarily dismissed without prejudice for lack of jurisdiction. Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam); see also DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging judgment entered in a different district was properly dismissed for lack of subject matter jurisdiction, where Petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy).[2]

Finally, Petitioner did not pay the $5.00 filing fee for this action, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Petitioner has failed to state an actionable habeas corpus claim, his IFP application will be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

---

[2] The Court notes that if Petitioner's current claims for relief could be raised and decided in a § 2241 habeas corpus proceeding, those claims would undoubtedly be denied on the merits. Petitioner could not be granted a writ of habeas corpus in this District based on his present Apprendi claims, because the Eighth Circuit Court of Appeals has held that Apprendi claims cannot be raised on collateral review. United States v. Moss, 252 F.3d 993, 997 (8th Cir.2001), cert. denied, 534 U.S. 1097 (2002).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.

Dated: October 24, 2005

                                      s/ Arthur J. Boylan
                                      ARTHUR J. BOYLAN
                                      United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 7, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.