UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Anthony Wood,

       Petitioner,

v.

                                               Civ. No. 05-2437 (JNE/AJB)
                                               ORDER

United States of America,

       Respondent.

This case is before the Court on a Report and Recommendation issued by the Honorable Arthur J. Boylan, United States Magistrate Judge, on October 24, 2005. The magistrate judge recommended that Petitioner's application for leave to proceed in forma pauperis be denied and that his application for habeas corpus relief under 28 U.S.C. § 2241 (2000) be dismissed for lack of jurisdiction. Petitioner objected to the Report and Recommendation.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). A district court lacks subject matter jurisdiction over issues concerning the imposition of a sentence by another district court unless it appears that the remedy set forth in section 2255 is inadequate or ineffective to test the legality of an inmate's detention. 28 U.S.C. § 2255; *Hill*, 349 F.3d at 1091; *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). In this case, Petitioner challenges the sentence imposed by the United States District Court for the Eastern District of New York. The Court therefore lacks jurisdiction over Petitioner's section 2241 application unless his remedy under section 2255 is inadequate or ineffective.

In 2002, Petitioner filed a motion under section 2255 in the Eastern District of New York. According to Petitioner, his remedy under section 2255 has proven inadequate and ineffective because his motion remains pending more than three years after its filing.  The alleged delay in the Eastern District of New York's resolution of Petitioner's section 2255 motion does not demonstrate that the remedy under that section is inadequate or ineffective.  *See Winston v. Mustain*, 562 F.2d 565, 567 (8th Cir. 1977) (stating that delay in resolution of section 2255 motion does not confer jurisdiction under section 2241 if jurisdiction does not otherwise exist). The Court therefore lacks jurisdiction over Petitioner's application for habeas corpus relief.

In short, the Court has conducted a de novo review of the record.  Based on that review, the Court adopts the Report and Recommendation.  Therefore, IT IS ORDERED THAT:

1.   Petitioner's application for leave to proceed in forma pauperis [Docket No. 2] is DENIED.

2.   Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] is DISMISSED for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 1, 2005

s/  Joan N. Ericksen_____
JOAN N. ERICKSEN
United States District Judge